IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| **BRANDON FRANKLIN**, on behalf of himself and all others similarly situated, | )<br>)   Case No. 4:23-cv-4054-SLD-JEH<br>) |
| Plaintiff, | )   Judge Sara L. Darrow<br>) |
| vs. | )   Magistrate Judge Jonathan E. Hawley<br>) |
| **SMITHFIELD FRESH MEATS CORP.**, | )<br>) |
| Defendant. | )<br>)<br>) |

### JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF COMPLAINT

Plaintiff, Brandon Franklin ("Franklin"), on behalf of himself and on behalf of the Opt-In Plaintiffs Nanieyia Towns and Marvin McGowan (collectively "Plaintiffs"), and Defendant Smithfield Fresh Meats Corp. ("Defendant") jointly move this Court under FRCP 41(a)(2) to approve the settlement reached by the Parties and memorialized in the attached Settlement Agreements (the "Settlement"). The Settlement seeks to finally resolve this matter with Court approval of the Settlement and dismissal of all claims with prejudice.

The Parties respectfully submit that the Settlement is fair and reasonable, and that it satisfies the criteria for approval under Section 16 of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 216. The Settlement was achieved through diligent and thorough negotiations between the Parties' Counsel. The following are attached for the Court's review:

    **Exhibit A:**    Settlement Agreements; and

    **Exhibit B:**    Proposed Order Approving Settlement.

The following memorandum explains the nature of the action, negotiations, principal terms of the Settlement, and propriety of approving the Settlement.

I. The Action

Franklin filed his collective and class action complaint on April 4, 2023. In his Complaint, Franklin alleges that Defendant failed to pay him for the time he spent donning and doffing sanitary and protective clothing. Franklin alleges that Defendant's failure to pay for this time resulted in unpaid overtime compensation in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). Franklin filed his Complaint on his behalf and on behalf of other similarly situated employees. (Dkt. No. 1.)

On May 10, 2023, Defendant filed a Motion to Dismiss. (Dkt. No. 5.) Franklin filed his Amended Complaint on May 11, 2023. (Dkt. No. 7.) There are currently two Opt-In Plaintiffs in this case – Nanieyia Towns and Marvin McGowan. (Dkt. Nos. 13, 14.) Franklin has not moved for conditional or class certification.

Defendant denies Plaintiffs' claims. (Dkt. No. 12.) Defendant asserts that pursuant to its written policies, its employees are required to don and doff all sanitary and protective clothing on the clock and that such donning and doffing time is paid. Accordingly, Defendant asserts that any employees who allegedly don and doff their sanitary and protective clothing off the clock are in violation of Defendant's written policies and are not similarly situated to other employees. Defendant provided this written policy, which was signed by Franklin, to Plaintiffs' Counsel.

II. The Negotiations

Shortly after the Parties held their Rule 16 scheduling conference, they began discussing potential settlement of Plaintiffs' claims. To facilitate settlement discussions, Defendant produced wage and hour data that Plaintiffs' Counsel needed to calculate Plaintiffs' potential damages.

After Plaintiffs' Counsel calculated Plaintiffs' potential damages, the Parties engaged in arms-length, good faith settlement discussions. During such discussions, the Parties debated their

relative legal and factual positions. The Parties ultimately reached an agreement to settle Plaintiffs' claims. The terms of the Settlement are described below.

### III.  The Settlement Terms

The total settlement amount is $13,500. Of that amount, $4,500 will be paid to Plaintiffs for their alleged unpaid overtime and $9,000 will be paid to Plaintiffs' Counsel for attorneys' fees and litigation expenses. The settlement payments to Plaintiffs reflect approximately one hour of alleged uncompensated overtime each workweek that Plaintiffs worked 40 or more hours during his her or employment. In exchange for their settlement payments, Plaintiffs are releasing their wage and hour claims against Defendant.[1]

### IV.  The Propriety of Approval

Settlement of FLSA claims requires court or Department of Labor approval. *See Epps v. TJX Co.*, No. 19-cv-2056, 2021 U.S. Dist. LEXIS 264404, * 3 (C.D. Ill. Jan. 11, 2021). "A district court may approve a settlement if it was (1) reached as a result of contested litigation and if it is (2) a fair and reasonable resolution of (3) a *bona fide* dispute between the parties." *Id*.

Here, the Settlement satisfies these three factors. In this contested litigation, there is a *bona fide* dispute between the Parties. Plaintiffs allege that Defendant failed to pay them for the time they spent donning and doffing their sanitary and protective clothing, which resulted in unpaid overtime. Defendant denies Plaintiffs' claims. Defendant asserts that pursuant to its express written policies, Defendant's employees (including Plaintiffs) are required to don and doff their safety and protective clothing on the clock, and that all such time is paid. Defendant further asserts that if Plaintiffs spent time donning and doffing their sanitary and protective clothing off the clock, such activity was in violation of Defendant's express written policies and that Defendant had no

---

[1] In addition, Franklin is executing a general release because he will receive an additional payment above and beyond an amount representing his alleged unpaid overtime.

3

knowledge of it.

The Settlement is a reasonable resolution of the Parties' *bona fide* dispute. The Settlement was reached after arms-length, good faith negotiations between the Parties after the Parties' Counsel had an opportunity to perform a damages calculation and to debate and discuss their respective factual and legal positions. The Settlement provides for a settlement payment to each Plaintiff that reflects approximately one hour of alleged unpaid overtime per workweek.

The Settlement also includes payment of $9,000.00 as reimbursement of Plaintiffs' costs and attorneys' fees. The Parties consider this amount fair and reasonable, especially given that they were able to resolve the dispute before substantial discovery or motion practice.

### V.   Conclusion

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Order attached as Exhibit B.

Respectfully submitted this 4th day of October 2023.

| **NILGES DRAHER LLC** | **JACKSON LEWIS P.C.** |
|---|---|
| */s/ Shannon M. Draher* <br> Shannon M. Draher (0074304) <br> Hans A. Nilges (0076017) <br> 7034 Braucher Street N.W., Suite B <br> North Canton, OH 44720 <br> Telephone: (330) 470-4428 <br> Facsimile: (330) 754-1430 <br> Email: sdraher@ohlaborlaw.com <br>             hans@ohlaborlaw.com <br><br> *Counsel for Plaintiffs* | */s/ Jeffrey L. Rudd (with permission)* <br> Jeffrey L. Rudd <br> 150 North Michigan Avenue, Suite 2500 <br> Chicago, IL 60601 <br> Telephone: (312) 803-2547 <br> Facsimile: (312) 787-4995 <br> Email: Jeffrey.Rudd@jacksonlewis.com <br><br> D. Christopher Lauderdale (SC Fed. Bar No. 9051) <br> Thomas Chase Samples (SC Fed. Bar No. 10824) <br> 15 South Main Street, Suite 700 <br> Greenville, SC 29601 <br> Telephone: (864) 232-7000 <br> Facsimile: (864) 235-1381 <br> Email: Christopher.lauderdale@jacksonlewis.com <br>             Chase.samples@jacksonlewis.com <br><br> *Counsel for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2023 the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Shannon M. Draher*
Shannon M. Draher (OH Bar 0074304)

*Counsel for Plaintiffs*
